IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN KUMLE BAMIDELE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Wayne R. Andersen |
| v. | ) | District Judge |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Case No. 06 C 6220 |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM, OPINION AND ORDER**

The case is before the court on John Kumle Bamidele's petition for writ of habeas corpus to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, we deny the petition.

## **BACKGROUND**

The Petitioner, Bamidele, was charged with one count of bank fraud, in violation of 18 U.S.C. § 1344, which occurred between January 27, 2005 and the day he was arrested, November 22, 2005. The Petitioner opened up bank accounts under false names using phony identification with the intention of defrauding several banks of money. Part of the fraud involved the use of counterfeit checks, which he deposited into the accounts and then would withdraw the funds with the knowledge that he was not entitled to the money. The Petitioner was arraigned on January 13, 2006 when he also made a blind plea of guilty to the single count raised in the indictment.

Petitioner's sentencing was held on June 2, 2006. The Petitioner was also on probation from a felony conviction in New York at the time of his arrest which increased his sentence.

Ultimately, the Petitioner was sentenced to twenty-four months in the custody of the United States Bureau of Prisons and, on his release, he would be subject to three years of supervised release. The Petitioner was also ordered to make restitution in the amount of $41,216.50. He did not appeal his sentence.

On November 15, 2006, Petitioner filed this petition for habeas corpus claiming that the counsel he received was ineffective for his failure to raise three issues during the sentencing portion of the proceedings: (1) Petitioner's family ties within the United States and the medical conditions of his family members; (2) his status as a deportable alien; and (3) cultural assimilation. Petitioner argues that the Court's consideration of these issues would have warranted a lower sentence. Under §2255, Petitioner seeks to have his sentence vacated, set aside, or corrected.

## **STANDARD OF REVIEW**

The federal habeas corpus statute, 28 U.S.C. § 2255, provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

The court should grant a hearing on the issues raised in the petition unless the respondent demonstrates conclusively that the Petitioner is not entitled to any form of relief. 28 U.S.C. § 2255. The court must grant a hearing if the habeas petition "alleges facts that, if proven, would entitle" the petitioner to relief. *Stoia v. United States*, 22 F.3d 766, 768 (7th Cir. 1994) (citing *Pittman v. Warden, Pontiac Correctional Ctr.*, 960 F.2d 688, 691 (7th Cir. 1992)). It is

2

necessary for the petitioner to make specific, detailed allegations in order to qualify for a hearing; conclusory statements are not enough. *See Daniels v. United States*, 54 F.3d 290, 293-94 (7th Cir. 1995) (citing *Aleman v. United States*, 878 F.2d 1009, 1012-14 (7th Cir. 1989)). Further, as this petitioner has proceeded *pro se*, his petition will be held to a more liberal standard than if the petition had been made by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even with the more liberal standard being used, when the record alone can demonstrate conclusively that the petitioner is not entitled to any form of relief, no hearing is required or necessary. *See Daniels*, 54 F.3d at 293 (quoting *Humphrey v. United States*, 896 F.2d 1066, 1070 (7th Cir. 1990)).

## **DISCUSSION**

Petitioner claims that he is entitled to relief due to the alleged ineffectiveness of counsel during the sentencing portion of the proceedings. He argues that his attorney failed to raise three issues: (1) his strong family ties in the United States and the medical problems experienced by his son for which he is the caretaker, (2) his status as a deportable citizen, and (3) cultural assimilation. Petitioner argues that had these issues been properly raised by his attorney, he would have received a lower sentence. As the first and third arguments are related, this Court will consider them together, although initially, the petition separates the two arguments.

Ineffective assistance of counsel claims are examined under the two-pronged test that was established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The general test the Court created to examine the effectiveness of an attorney's representation was developed so that the court's examination would focus on "the legal profession's maintenance of

3

standards" rather than a critique of counsel's performance. *Id.* at 688. Under this two pronged test, the petitioner must meet both of the prongs or the claim will fail. *Id.* at 687.

The first prong, the performance prong, examines if the defense provided by counsel meets the standard of "reasonably effective assistance." *Id.* The petitioner must affirmatively demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. An examination of the effectiveness of representation provided by counsel begins with a high level of deference given to counsel, that the efforts provided were adequate. *Id.* at 689. This deference is necessary because it is too easy in hindsight, when a Petitioner has lost his case, to find counsel's lack of success to fall below the level of representation required by counsel to provide. *Id.* The petitioner must provide clear evidence, in the form of specific acts or omissions, to overcome this presumption. *Id.* at 689-90. The facts that the petitioner presents should be viewed from the point of view of counsel at the time of the conduct which was alleged to be insufficient. *Id.* at 689.

The second prong, the prejudice prong, examines if the act or omission by counsel had an adverse effect on the defense. *Id.* at 692. It guards the situation for when counsel would act unreasonably, but if it did not prejudice the defense provided, then the prong is not met and the claim fails. *Id.* at 691-92. The petitioner must affirmatively demonstrate the prejudice that resulted, and the petitioner is required to demonstrate that there is a "reasonable probability" that his attorney's acts or omissions affected the outcome. *Id.* at 693-94. This determination is made by examining the totality of the evidence. *Id.* at 695.

Thus, a petitioner making a claim of ineffective assistance of counsel at a sentencing hearing must demonstrate to the court that counsel was deficient in the assistance provided,

4

*Fuller v. United States*, 398 F.3d 644, 650 (7th Cir. 2005) (citing *Strickland*, 466 U.S. at 687), and then show that there is a reasonable probability that the deficiency prejudiced the result of the hearing, *Id.* (quoting *Berkey v. United States*, 318 F.3d 768, 774 (7th Cir. 2003)).

I.  Counsel Acted Reasonably in his Arguments Made to the Court at Sentencing

In this case, Petitioner argues that the sentence he received would have been lower if counsel had brought to this Court's attention two points: (1) his family ties, ill family members, and cultural assimilation; and (2) his status as a deportable alien. However, Petitioner has overlooked the fact that his counsel did address both of these issues in the sentencing memorandum submitted on his behalf.

    A.  Medical Conditions and Cultural Assimilation

Petitioner maintains that his attorney failed to discuss his family ties within the United States, the medical conditions of his family members, and his cultural assimilation. Plaintiff argues that, if counsel had made these arguments, a lower sentence would have resulted. Petitioner argues that counsel should have pointed out to the Court that he is currently in an eight year relationship with the mother of his two children, and that his children suffer from extreme asthma which has resulted in hospitalization. Petitioner also argues that since he is the primary caretaker of his children, his absence from the family will have a more severe result.

However, Petitioner has overlooked the fact that counsel did present these arguments in his sentencing memorandum. The memorandum discussed Plaintiff's relationship with the mother of his children, the length of their relationship, his children and their medical conditions, and highlighted his relationship to his children as their primary caretaker. See Petitioner's Sentencing Mem. at 1-2, 8-9. Counsel repeatedly discussed Petitioner's close relationship to the

children and cited the disruption and negative effects an increased incarceration time would have on them. *Id.* Counsel also highlighted Petitioner's productive life as a tutor, cab driver, and a student currently attending college. *Id.* at 8. Although counsel did not use the term "cultural assimilation," counsel did throughly address the concept of cultural assimilation through his discussion of Petitioner's ties to the community and his family in the United States. *Id.* at 8-9. Thus, this Court finds that counsel adequately addressed these arguments for consideration at sentencing and, therefore, counsel's representation did not fall below the objective standard of reasonableness.

  B. <u>Petitioner's Status as a Deportable Alien</u>

Petitioner also maintains that his attorney failed to draw the court's attention to his status as a deportable alien. Petitioner argues that, if the Court was aware of this status, it would have been an additional reason to decrease his sentence.

Courts can consider deportation in their sentencing analysis only in exceptional circumstances. *United States v. Meza-Urtado*, 351 F.3d 301, 304 (7th Cir. 2003) (citing *United States v. Guzman*, 236 F.3d 830, 834 (7th Cir. 2001)). Petitioner's attorney clearly addressed all of the ways in which a sentence can have a harsher impact upon an individual who could be deported as well as how his deportation will create hardship for him and his family. Def. Sentencing Mem. at 6-8. Counsel argued that this consideration called for a departure from the sentencing guidelines. *Id.* at 6. Therefore, since this issue was properly raised at sentencing, Petitioner did not meet the burden required by the first prong of *Strickland.* Counsel throughly addressed the deportable status of Petitioner and his representation did not fall below an objective standard of reasonableness.

6

## II. Petitioner was not Prejudiced by Counsel's Representation

As mentioned above, counsel competently and reasonably argued each of the points that Petitioner maintains counsel failed to address at sentencing. Counsel's sentencing memorandum throughly discussed Petitioner's family circumstances and cultural assimilation, and his status as a deportable alien. Therefore, as the Court had these arguments to consider when the sentence was issued, counsel's performance did not prejudice the Petitioner.

In sum, Petitioner did not meet the burden of either prong of the *Strickland* test for either of his claims and therefore, his claim of ineffective assistance of counsel fails.

## CONCLUSION

For the foregoing reasons, petitioner John Kulme Bamidele's petition to correct his sentence pursuant to 28 U.S.C. § 2255 (#1) is denied, terminating the case. This is a final and appealable order.

_____
Wayne R. Andersen
United States District Judge

Dated: September 19, 2007